# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SGT. COLLEY, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Destined George, Pro Se Plaintiff.*

The plaintiff, Destined George, a Virginia inmate proceeding pro se, has filed an action under 42 U.S.C. § 1983, alleging that the defendant prison officials improperly confiscated personal property items and denied him clean clothing. George has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, I conclude that this action must be summarily dismissed.

I.

George complains about events that allegedly occurred at Red Onion State Prison (Red Onion) beginning on July 15, 2021. He alleges that while Officers Bland and Castle were inventorying his property on that date, they deprived him of his only toothbrush and clean clothing and broke or vandalized his JP5 mini tablet and television. Once George was released from segregation, he told Sergeant Colley

that he needed clean clothing and return of his television. Colley allegedly stated, "Stop acting like a nigger and listen!" Compl. 1, ECF No. 1. He allegedly continued ranting about being racist and threatened to send George back to segregation before giving him anything. George alleges that he "was forced to wear dirty clothing for several weeks" to stay warm or to exit his cell. *Id.* at 2. He purchased "a new toothbrush to be delivered by commissary which lead in tooth decay and dental operations." *Id.*

George sought relief through the grievance procedure. Lieutenant Barton allegedly intercepted his filings and "documented false entries and dates even though he was a conflict of interest being he commanded those officers to transfer [George] and [his] belongings to segregation." *Id.* After George filed grievances, Castle allegedly "began to retaliate by refusing to allow [him] recreation and showers," and sometimes served him "false precaution trays," despite knowing George's diet requirements. *Id.* Castle also allegedly refused to allow George access to medical attention and "taunted [him] with laughter." *Id.*

George brings his § 1983 Complaint against Colley, Castle, Bland, and Barton, seeking monetary damages and injunctive relief to stop the alleged violations. He asserts that these defendants' actions violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments and under state law.

II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

George complains that the defendants violated his constitutional rights by depriving him of some property items: his JP5 player, his clean clothing, and his television, either by damaging these items or by confiscating and refusing to return them. As a constitutional claim, this contention lacks merit. In the prison context, "where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Therefore, "if a meaningful postdeprivation remedy for the loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. *Id*. at 533. The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or

intentional wrongful acts committed by state employees. *Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). Therefore, I must summarily dismiss George's § 1983 claims that any defendant violated his federal due process rights by intentionally or negligently depriving him of property.

George also has no actionable § 1983 claim against Barton for allegedly mishandling his grievances. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process" or an improper or negligent grievance response. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017).

Next, George asserts that after he filed grievances, Castle retaliated by denying him showers and recreation and giving him "false precaution trays" for an unspecified period. Compl. 2, ECF No. 1. To succeed on a § 1983 retaliation claim against any defendant, George must establish that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (alterations omitted) (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)). But courts must treat an inmate's claim of retaliation by prison officials "with skepticism" because many adverse actions that prison officials take against

inmates are, "by definition retaliatory in the sense that [they] respond[ ] directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (internal quotation marks and citation omitted).

George asserts that Castle denied him showers and recreation and proper diet trays in retaliation for the grievances George filed. But George fails to provide sufficient factual support for this claim. He does not state facts showing that Castle knew of the grievances (intercepted by Barton) or that Castle otherwise indicated that his actions were motivated by George's exercise of constitutionally protected rights. In short, I find that George's allegations of retaliation by Castle are merely speculative and conclusory, lack any evidentiary support, and are legally insufficient to establish a prima facie retaliation claim. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (affirming summary dismissal of asserted retaliation claim that was unsupported by any factual allegations).

I also find that George's allegations about being denied showers, recreation, and preferred meal trays do not support a plausible Eighth Amendment. The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49. It is well established that "only the unnecessary and wanton infliction of

pain" implicates the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted). To sustain an unconstitutional living conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

George's complaint does not allege that he has been denied any of life's necessities. His allegations do not suggest that Colley is the only officer who authorizes showers, recreation, and meal trays for inmates. George also does not allege that the meal trays Colley served him deprived him of nutrition or violates a specific religious belief. Nor does George state facts showing that he has suffered, or is likely to suffer, serious physical or emotional harm caused by Colley's alleged actions denying him the preferred meals, showers, or recreation.

Similarly, George has not stated facts to support a plausible claim that Colley deprived him of constitutional rights related to medical care. "A prisoner does not enjoy a constitutional right to the [medical] treatment of his or her choice, [but] the

treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need." *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). George fails to state facts showing that he suffered from any serious medical need for which Colley prevented him from accessing adequate medical care. Nor does he allege what actions Colley took personally that hindered his ability to access adequate care. In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted).

I conclude that George has no claim against Colley for racial discrimination. The comments that Colley allegedly made to George were deplorable and disturbing. But "[w]ords by themselves do not state a constitutional claim, without regard to their nature." *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd*, 917 F.2d 1302 (4th Cir. 1990) (unpublished); *see also Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (holding allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Because George has not alleged that he suffered any serious physical harm as a result of Colley's refusal, for whatever reason, to return his clean clothing and his television, I conclude that

George has not stated an actionable § 1983 claim based on Colley's alleged verbal expression of racist views.

Finally, George has filed a "Declaration for Entry of Default," ECF No. 13. He states that more than twenty days have passed since the defendants were "served with summons and a copy of [the] Complaint," but they have failed to answer or otherwise respond. *Id.* George does not submit any documentation to establish how or when he or anyone else accomplished proper service on the defendants. The court's docket also lacks any indication that the defendants have been served in compliance with the Federal Rules of Civil Procedure, Fed. R. Civ. P. 4. Thus, I conclude that the requested entry of default against them is unwarranted.

### III.

For the stated reasons, I will summarily dismiss George's civil rights action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

DATED: August 9, 2023

/s/ JAMES P. JONES
Senior United States District Judge