# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SGT. COLLEY, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Destined George, Pro se Plaintiff.*

In this civil rights action brought under 42 U.S.C. § 1983, the plaintiff, Destined George, a Virginia inmate proceeding pro se, has filed a Motion for Enlargement of Time, ECF No. 16, requesting an extension to file a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).

I.

On January 5, 2023, the plaintiff filed this action against prison officials for improperly confiscating his personal property items and for allegedly denying him clean clothing, showers, and preferred meals as retaliation for using the grievance procedures. I issued a Final Order, ECF No. 15, on August 9, 2023, summarily dismissing the Complaint pursuant to 42 U.S.C. § 1997e(c)(1) for failing to state a claim to relief that is plausible on its face. The plaintiff filed the present motion on September 1, 2023, seeking to extend the deadline for filing a motion under Rule

59(e) to an undisclosed date. The plaintiff represents that he did not receive the Final Order until August 29, 2023. Attached to his motion is a copy of an envelope that shows the prison mailroom received mail for him from this court on that date.

II.

A litigant must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 6(b)(2), a district court lacks the authority to extend deadlines for a party to act under Rule 59(e). *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("The time for [filing a Rule 59(e) motion] is short — 28 days from entry of the judgment, with no possibility of an extension."); *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) (a district court has no authority to extend the filing period under Rule 59(e)). In *Panhorst*, the plaintiff filed a motion for leave to file a Rule 59(e) motion beyond the deadline. The Fourth Circuit instructed that Rule 59(e) did not "provide *any* mechanism for extending the prescribed . . . filing deadline." *Id.* at 370.

The only possible exception to the rule prohibiting a court from amending the deadline to allow a late filing is the unique circumstances doctrine, as limited by the Supreme Court to non-jurisdictional but mandatory claim processing rules. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). To the extent *Bowles* allowed some form of the unique circumstances doctrine to survive, it applies only in limited

circumstances, such as when a judicial officer gives a litigant a specific assurance that the late filing would be accepted. *United States v. Marsh*, 944 F.3d 524, 532–533 (4th Cir. 2019).

Here, the 28-day time period for filing a motion under Rule 59(e) expired on September 6, 2023. Accepting that the plaintiff received the Final Order on August 29, 2023, he had adequate time to deliver the Rule 59(e) motion to the prison authorities for mailing. Accordingly, the facts do not require the application of the unique circumstances doctrine.

### III.

For the reasons stated, it is **ORDERED** that the Motion for an Enlargement of Time, ECF No. 16, is DENIED.

ENTER: September 11, 2023

/s/  JAMES P. JONES
Senior United States District Judge